**2007 BNH 039**          Note:   This is an unreported opinion.  Refer to LBR 1050-1 regarding citation.
_____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW HAMPSHIRE

In re:                                                                                                 Bk. No. 07-10556-JMD
                                                                                                       Chapter 13
Harold B. Packer and
Julia A. Packer,
            Debtors


*Donald H. Adler, Esq.*
*Finneran & Nicholson, P.C.*
*Newburyport, Massachusetts*
*Attorney for Debtors*

*Nina P. Ching, Esq.*
*Special Assistant United States Attorney*
*Boston, Massachusetts*
*Attorney for United States*


## MEMORANDUM OPINION

**I.  INTRODUCTION**

   The United States of America, on behalf of its agency the Internal Revenue Service (the "IRS"), objects to confirmation of the Debtors' amended chapter 13 plan, in part, on the grounds that the Debtors, through their plan impermissibly attempt to designate where the IRS should apply the Debtors' 2006 income tax refund.[1] This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire,"

---

[1] As explained in Beaucage v. United States, 342 B.R. 408, 409 n.4 (D. Mass. 2006), "[w]hile 'refund must seem the intuitively correct term, 'overpayment of tax' is for present purposes the more apt description.  When a taxpayer calculates his or her tax liability, it results in either an underpayment or overpayment of taxes.  If there is an overpayment, the taxpayer can apply the overage to previous or future tax liability or demand a refund."

dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. FACTS AND PROCEDURAL HISTORY

On March 21, 2007, the Debtors filed bankruptcy under chapter 13 of the Bankruptcy Code. On March 29, 2007, the IRS filed a proof of claim listing the following:

(1) a secured claim of $5,354.07 related to income taxes for the 1997 tax year,

(2) an unsecured priority claim of $11,872.82 related to income taxes for the 2003 to 2006 tax years with the amounts for the 2005 and 2006 tax years being estimated as the taxes had not yet been assessed as no income tax returns had been filed by the Debtors, and

(3) an unsecured general claim of $1,118.93 for penalties related to the unsecured priority claims.

On April 3, 2007, the Debtors filed a copy of their 2006 income tax return with the Court, which return showed an overpayment of taxes totaling $3,819.00. On April 15, 2007, the IRS exercised its right of offset under 26 U.S.C. § 6402(a), as ostensibly permitted by 11 U.S.C. §§ 362(b)(26) and 553.

On April 16, 2007, the Debtors filed their first plan of reorganization which sought to allocate their 2006 income tax overpayment to their 2003 and 2004 income taxes,[2] which taxes are entitled to priority status under 11 U.S.C. § 507(a)(8)(A). On May 10, 2007, the IRS amended its proof of claim to reflect that the Debtors had filed their 2005 and 2006 income tax returns and to reduce the Debtors' liability in accordance therewith. The IRS's amended proof of claim contains the following elements:

---

[2] The Debtors' plan makes reference to their 2004 and 2005 income tax liabilities, but the figures in the plan correspond to their tax liabilities for the 2003 and 2004 tax years.

2

>    (1)    a secured claim of $1,533.83 related to interest on income taxes for the 1997 tax year,
>
>    (2)    an unsecured priority claim of $4,612.60 related to income taxes for the 2003 to 2005 tax years and no liability for the 2006 tax year, and
>
>    (3)    an unsecured general claim of $1,225.24 for penalties related to the unsecured priority claims.

It appears from the amended proof of claim that the IRS applied the Debtors' 2006 overpayment of income taxes to the Debtors' outstanding liability on the secured claim for income taxes, penalties, and interest for the 1997 tax year.

On August 31, 2007, the Debtors filed an amended plan of reorganization which seeks to designate their 2006 income tax overpayment to payment of their 2003 and 2004 income tax liabilities.[3]  The IRS objected to the treatment of its claim on October 5, 2007.  The Court held a hearing on the matter on October 12, 2007, and took it under advisement.

## III. DISCUSSION

The Court is faced with two issues: (1) is there any overpayment remaining for which the Debtors may seek to designate its application in their amended plan, and (2) whether the Debtors' chapter 13 plan may require the IRS to setoff the Debtors' 2006 income tax overpayment against their unsecured priority obligations for the 2003 and 2004 tax years.

    **A.    Any Remaining Overpayment?**

The Bankruptcy Code provides at 11 U.S.C. § 553(a):

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case

---

[3] Again, the Debtors' amended plan makes reference to their 2004 and 2005 income tax liabilities, but the figures in the plan correspond to their tax liabilities for the 2003 and 2004 tax years.

3

>under this title against a claim of such creditor against the debtor that arose before the commencement of the case . . . .

The Bankruptcy Code provides further at 11 U.S.C. § 362(b)(26):

>The filing of a petition . . . does not operate as a stay . . . under section (a), of the setoff under applicable nonbankruptcy law of an income tax refund, by a governmental unit, with respect to a taxable period that ended before the date of the order for relief against an income tax liability for a taxable period that also ended before the date of the order for relief . . . .

The Tax Code provides at 26 U.S.C. § 6402(a):

>In the case of any [tax] overpayment, the Secretary [of the Treasury] . . . may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall . . . refund any balance to such person.

In the Court's view, but for the Debtors' filing bankruptcy, the Tax Code clearly would permit the IRS to apply the Debtors' overpayment of their 2006 tax liability against "any" of the Debtors' income tax liability for a prior year.  See Beaucage v. United States, 342 B.R. 408, 410 (D. Mass. 2006).  In other words, the IRS has the discretion to determine where to apply such overpayments.  See In re Lybrand, 338 B.R. 402, 407 (Bankr. W.D. Ark. 2006).  Sections 362(b)(26) and 553(a) of the Bankruptcy Code contemplate that taxing authorities may setoff off a mutual debt, i.e., a creditor, like the IRS, may offset a debtor's prepetition overpayment of taxes one year against a debtor's prepetition liability for unpaid taxes for another year.  See Beaucage, 342 B.R. at 410-11.

Where, here, the IRS exercised its discretion to apply the Debtors' overpayment of their 2006 tax liability to their outstanding 1997 tax obligations postpetition, but prior to confirmation, without obtaining prior court approval as permitted by § 362(b)(26) of the Bankruptcy Code, the Debtors have nothing to designate in their chapter 13 plan.  See id. at 410 ("When Beaucage filed her 2004 tax return, she had no vested right to a refund.  Any such right was contingent on

4

the decision of the Secretary with respect to the exercise of the set-off option of § 6402(a) of the Tax Code. When in Beaucage's case, the Secretary exercised the option, the contingent right to a refund was extinguished."). For that reason, the IRS's objection to the Debtor's amended plan shall be sustained.

### B. Right to Designate Tax Overpayment in Chapter 13 Plan?

Because the Court has concluded that the Debtors have no overpayment of taxes to which the provisions of their amended chapter 13 plan could apply, the second issue before the Court could be considered moot. However, the Court will rule on the second issue because it provides an alternate rationale for the Court's ruling on the IRS's objection to the amended chapter 13 plan even if such an overpayment existed. Assuming that the IRS had not already exercised its discretion to apply the Debtors' 2006 tax overpayment prior to confirmation of the Debtors' chapter 13 plan, may the Debtors' chapter 13 plan properly designate how the IRS shall apply any tax overpayments? "Generally, if a taxpayer voluntarily pays a tax obligation, that taxpayer may direct how the payment is applied." Lybrand, 338 B.R. at 404. "However, if the payment is deemed to be an involuntary payment, the IRS is free to allocate the payment in the way that will maximize recovery of taxes due." Id. Like the debtors in the Lybrand case, the Debtors argue that, notwithstanding the general rule on allocation, bankruptcy courts have the authority pursuant to their equitable power granted under 11 U.S.C. § 105(a) of the Bankruptcy Code to order the IRS to apply their tax overpayment to the priority portion of the IRS's claim in order to make the Debtors' plan feasible. Id. at 405.

"The plain language of 26 U.S.C. § 6402(a) governs overpayment, and the statute is unequivocal in giving the IRS the authority to allocate tax refunds." Id. at 407. Like the debtors in the Lambert case, who sought to require the IRS to apply their chapter 13 plan payments in

5

inverse chronological order so that certain priority taxes and all of their secured taxes would be paid in full, the Debtors here have provided no justification for the relief they seek, other than it would permit them to avoid the payment of tax liabilities that would in the ordinary course be nondischargeable, which would then render their plan feasible and thus confirmable. In re Lambert, 124 B.R. 345, 347 (Bankr. W.D. Okla. 1991).

As the IRS has argued and other courts have noted, the United States Supreme Court's decision in United States v. Energy Resources Co., Inc., 495 U.S. 545 (1990), does not directly address the issue before the Court. See, e.g., Lybrand, 338 B.R. at 406; Lambert, 124 B.R. at 347. In that case, the Supreme Court held that a bankruptcy court does have the authority to order the IRS to treat tax payments made by chapter 11 debtor corporations as payments on trust fund liabilities, as opposed to payments on non-trust fund liabilities, where the bankruptcy court determines that this designation is necessary for the success of a reorganization plan. Energy Resources, 495 U.S. at 551. However, in that case, at issue was what type of tax claim would be paid first, not whether such tax claim would be paid at all. Unlike the plan in this case, the plans in Energy Resources provided for full payment of the entire tax claims. Here, the Debtors seek to apply their 2006 income tax overpayment to priority debt so that they may discharge non-priority tax debt. "Energy Resources is distinguishable since it was dealing not with the designation of the order in which payments were to be applied to certain fiscal periods, but with the type of taxes to which such payments were to be applied. Energy Resources contains no reference whatever to the chronological order in which payments were to be applied." Lambert, 124 B.R. at 347. "Nothing in the Supreme Court decision of Energy Resources indicates an intention to construe the provisions of 26 U.S.C. § 6402(a), which specifically gives the IRS the power to apply overpayments as it sees fit." Lybrand, 338 B.R. at 406.

6

Energy Resources does contain a statement, however, that is instructive to the Court: "Even if consistent with the [Bankruptcy] Code, however, a bankruptcy court order might be inappropriate if it conflicted with another law that should have been taken into consideration in the exercise of the court's discretion." Energy Resources, 495 U.S. at 550. In the Court's view, it should not exercise any discretion it might have under 11 U.S.C. § 105(a) to permit debtors to setoff, via a provision in their chapter 13 plan, any prepetition tax overpayments against outstanding prepetition tax liabilities of the debtors' choice. But see United States v. Martinez (In re Martinez), No. 1:06-CF-1130, 2007 WL 295406, at *3 (M.D. Pa. Jan. 29, 2007) (holding that the bankruptcy court has discretion, not only to permit the setoff of tax liability, but to allocate such setoff, which includes the restriction of setoff solely to priority claims). The exercise of such discretion would be in conflict with 26 U.S.C. § 6402(a), which gives such discretion to the IRS. Accordingly, the provision in the Debtors' amended chapter 13 plan that requires the IRS to apply their 2006 tax overpayment to their priority unsecured obligations is impermissible. The IRS's objection to confirmation of the Debtors' amended chapter 13 plan shall also be sustained based upon the inclusion of the impermissible allocation provisions in the amended plan.

## IV. CONCLUSION

For the reasons set forth above, the IRS's objection to the Debtors' amended chapter 13 plan is sustained on the grounds that no income tax overpayment exists on which the amended plan might act and, even if such an overpayment existed, the amended plan impermissibly sought to designate the application of such tax overpayment. This opinion constitutes the Court's

findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.

ENTERED at Manchester, New Hampshire.


Date: November 6, 2007 /s/ J. Michael Deasy
J. Michael Deasy
Bankruptcy Judge